Billy Rell Miles, Texas Department of Criminal Justice Institutional Division Lynaugh Unit, Fort Stockton, TX, pro se.

Appeal from the United States District Court for the Southern District of Texas, USDC No. 2:04–CV–611.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Billy Rell Miles, Texas prisoner # 695744, moves for (1) a 180–day stay of his 42 U.S.C. § 1983 suit pending exhaustion of his habeas remedies or, in the alternative, (2) equitable tolling of the limitations period to prevent his civil rights claim from becoming forever precluded. Miles's civil rights suit was dismissed by the district court pursuant to *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Fearing that upon exhaustion of his habeas remedies his federal suit will be deemed time-barred, he seeks the aforementioned relief.

However, a suit brought pursuant to 42 U.S.C. § 1983 that challenges the legality of the plaintiff's conviction, or in Miles's case a disciplinary conviction, is not cogni-

zable unless the conviction has been invalidated. *See Arvie v. Broussard,* 42 F.3d 249, 250 (5th Cir.1994); *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir.1998) (en banc). Given that Miles has not secured the invalidation of his disciplinary conviction on habeas review, his 42 U.S.C. § 1983 cause of action has not yet accrued, and, consequently, the statute of limitations has not commenced. Miles's motion for a stay or, in the alternative, equitable tolling is therefore denied. Furthermore, given that any appeal would be frivolous, *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983), the appeal is dismissed. *See Baugh v. Taylor,* 117 F.3d 197, 202 n. 24 (5th Cir.1997); 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Heriberto GARCIA–MESA, Defendant–Appellant.**

No. 05–40523.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 14, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Federal Public

---

Defender's Office, Southern District Of Texas, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM: *

Heriberto Garcia–Mesa (Garcia) appeals his conviction and the 37–month sentence imposed following his guilty plea to being a previously deported alien unlawfully present in the United States. Garcia's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, —— L.Ed.2d —— (2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under