United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

04-40238

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

Versus

HOWARD ALEXANDER GONZALEZ-BORJAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
7:03 CR-901-1

_____

Before JOLLY, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The defendant Howard Alexander Gonzalez-Borjas ("Gonzalez-Borjas") appeals his sentence of 46 months' imprisonment with two years' supervised release for violating 8 U.S.C. § 1326(a) & (b). For the following reasons, we VACATE Gonzalez-Borjas' sentence and REMAND for resentencing in accordance with this opinion and United States v. Booker, 2005 WL 50108, __ S.Ct.__ (2005).

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

I.

On December 4, 2003, Gonzalez-Borjas pled guilty to the offense of illegal re-entry into the United States after deportation in violation of 8 U.S.C. § 1326(a) & (b).[1] The presentencing report ("PSR") recommended a base offense level of 8 pursuant to § 2L1.2 of the Sentencing Guidelines, and a 12-level increase for a past conviction for a "felony drug trafficking offense," pursuant to § 2L1.2(b)(1)(B). This recommended enhancement was based on Gonzalez-Borjas' two prior convictions for drug offenses in California. The PSR also recommended a two-level reduction for acceptance of responsibility resulting in a total offense level of 18.

---

[1] 8 U.S.C. 1326 provides in pertinent part:
(a) In general
Subject to subsection (b) of this section, any alien who--
(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, unless...the Attorney General has expressly consented to the alien's reapplying for admission...
shall be fined under Title 18, or imprisoned not more than 10 years, or both;
(b) Criminal penalties for reentry of certain removed aliens
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection---
(2) whose removal was subsequent to a conviction for the commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both.

The district court adopted most of the findings of the PSR, including the characterization of Gonzalez-Borjas' state drug offenses as "felony drug trafficking offenses."  The district court reduced Gonzalez-Borjas' offense level by an additional point for acceptance of responsibility, resulting in a total offense level of 17.  Based on the total offense level of 17 and the recommended criminal history category of V, Gonzalez-Borjas' sentencing range was 46-57 months.  The district court sentenced Gonzalez-Borjas to 46 months imprisonment, and he took this appeal.

## II.

Gonzalez-Borjas appeals his sentence on the ground that the district court improperly classified his two prior drug convictions as "felony drug trafficking offenses" and thus improperly enhanced his sentence.  Because Gonzalez-Borjas raises this argument for the first time on appeal, we review the district court's enhancement for plain error.[2]  We find plain error only if (1)there is an error; (2)the error was clear and obvious; (3)the error affected the defendant's substantial rights; and (4)the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings.[3]

---

[2]See United States v. Garcia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002)(citing United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)(en banc)).

[3]United States v. Miranda, 248 F.3d 434, 443 (5th Cir. 2001)(quoting United States v. Vasquez, 216 F.3d 456, 459 (5th

-3-

To determine whether a prior state conviction can be used to enhance a sentence, we have used a categorical approach, in which we examine the elements of the prior offense, rather than the facts underlying the conviction, to determine whether the prior offense meets the definition provided in the sentencing guidelines.[4]  Thus, our focus is on the statute of conviction, not the underlying conduct of the prior offense.[5]  If the statute criminalizes conduct that does not fall within the enhancement definition provided in the guidelines, the prior offense cannot be used to enhance the defendant's sentence.

Under § 2L1.2(b)(1)(B), the sentencing guidelines section applicable to a conviction for illegal re-entry, the offense level is increased by 12 if the defendant's prior deportation followed a conviction for a "felony drug trafficking offense."[6]  The commentary on § 2L1.2 of the sentencing guidelines defines "drug trafficking offense" as follows:

"Drug trafficking offense" means an offense under

---

Cir. 2000)).

[4]See United States v. Rodriquez-Rodriquez, 323 F.3d 317, 318-319 (5th Cir. 2003); United States v. Chapa-Garza, 243 F.3d 921, 924 (5th Cir. 2001)(using categorical approach for prior aggravated felony conviction); Taylor v. United States, 495 U.S. 575 (1990)(applying categorical approach in determining whether conviction constituted burglary for purposes of sentencing enhancement in 18 U.S.C. § 924(e)).

[5]See United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004)(en banc).

[6]U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(B)(2004).

-4-

federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance...or the possession of a controlled substance...with intent to manufacture, import, export, distribute, or dispense.

The central issue in this appeal is whether Gonzalez-Borjas' two state drug offenses amount to "drug trafficking offenses" under this definition.

In 1996, Gonzalez-Borjas was convicted of violating California Health and Safety Code § 11352(a), which provides:

Except as otherwise provided in this division, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state [a controlled substance of the types listed], shall be punished by imprisonment in the state prison for three, four, or five years.[7]

Gonzalez-Borjas argues that this statute encompasses acts that are not included in the definition of "drug trafficking offense" under the sentencing guidelines. We agree.

Section 11352 can be violated by transporting a controlled substance for personal use, offering to transport, sell, furnish, administer, or give away a controlled substance, and solicitation of the prohibited acts.[8] So, unlike the sentencing guidelines' definition of "drug trafficking offense," the state need not

_____

[7]CAL. HEALTH & SAFETY CODE § 11352 (West 1996).

[8]See People v. Carter, 166 Cal. App. 3d 994, 995 (Cal. Ct. App. 1985)(Section 11352 does not require a specific intent to transport contraband for the purpose of sale or distribution, rather than for personal use.)

prove that the individual sought to transport the controlled substance with intent to manufacture, import, export, distribute, or dispense, in order to convict under § 11352.

Our conclusion is further supported by the Ninth Circuit's decision in United States v. Kovac, 367 F.3d 1116, 1119 (9th Cir. 2004), which held that a conviction under § 11352 did not qualify as a "controlled substance offense" under § 4B1.2(a) to merit an enhancement as a "career offender" under § 4B1.1. The definitions of "controlled substance offense" and "drug trafficking offense" are identical for our purposes under the guidelines,[9] which supports our conclusion that a conviction under § 11352 does not qualify as a "drug trafficking offense" to enhance a defendant's sentence.

The district court also relied on a second conviction for the 12-level enhancement. In 2001, Gonzalez-Borjas was convicted

---

[9]It appears that the only difference between the two definitions is that "controlled substance offense" provides that the offense must be punishable by a term of imprisonment of at least one year, a requirement not found in the definition of "drug trafficking offense." This difference was not important in Kovac, and therefore does not undercut its persuasiveness. Section 4B1.2 of the United States Sentencing Guidelines defines "controlled substance offense" as follows:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance...or the possession of a controlled substance...with intent to manufacture, import, export, distribute, or dispense.

of being an accessory to a violation of § 11352, which is a violation of California Penal Code § 32.[10]

For reasons stated above, the commission of the substantive violation of § 11352 does not qualify as a "drug trafficking offense" under the guidelines.  Thus, a conviction as an accessory to such an offense would not qualify.  Because we find that the district court erred in using these convictions to enhance Gonzalez-Borjas' sentence, we must now decide if the 12-level enhancement meets the remaining elements of plain error.  Our precedent dictates that it does.

In United States v. Gracia-Cantu, 302 F.3d 308, 313 (5th Cir. 2002), the defendant challenged an enhancement of a sentence of illegally re-entering the United States. We held that an error that dramatically increased "the recommended imprisonment range...affected [the defendant's] substantial rights" and amounted to plain error.[11]  Accordingly, we vacated the defendant's sentence, which had been improperly increased from a

---

[10]CAL. PEN. CODE ANN. § 32 provides:
Every person who, after a felony has been committed, harbors, conceals, or aids a principal in such a felony, with the intent that such principal may avoid, or escape from arrest, trial, conviction or punishment, having knowledge that said principal has committed such felony or has been charged with such felony or has been convicted thereof, is an accessory to such felony.

[11]Id.

range of 21-27 months to a sentence of 70 months imprisonment.[12]

In this case, the base offense level for Gonzalez-Borjas was 8. Absent the 12-level enhancement for a "drug trafficking offense," he would have faced the possibility of either a 4-level enhancement under § 2L1.2(b)(1)(D)[13] or an 8-level enhancement under §2L1.2(b)(1)(C).[14] In either case, taking into account a two-level reduction for acceptance of responsibility, his total offense level would fall between 10 and 14.[15] Coupled with a criminal history category of V, he would have faced either a sentencing range of 21-27 months or 33-41 months.[16]

As in Gracia-Cantu, all of the elements of plain error are satisfied in this case. Because the district court plainly erred in imposing the 12-level enhancement, we VACATE the defendant's sentence and REMAND for resentencing in accordance with this opinion and United States v. Booker, 2005 WL 50108, __ S.Ct.__

---

[12]Id.

[13]Section 2L1.2(b)(1)(D) instructs the court to increase the base offense level by 4 levels for "a conviction for any other felony."

[14]Section 2L1.2(b)(1)(C) instructs the court to increase the base level offense by 8 levels for a conviction of an "aggravated felony."

[15]Under § 3E1.1(b) of the sentencing guidelines, a defendant is only eligible for a three-level deduction for acceptance of responsibility if his offense level before deduction is at level 16 or greater.

[16]U.S. Sentencing Guidelines Manual Ch.5, Pt.A (Sentencing Table).

(2005).