United States Court of Appeals
Fifth Circuit

**F I L E D**

May 19, 2005

Charles R. Fulbruge III
Clerk

REVISED JULY 15, 2005
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-41750
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

OSCAR GARZA-LOPEZ

Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas, McAllen
_____

Before KING, Chief Judge, and GARZA and BENAVIDES, Circuit
Judges.

KING, Chief Judge:

Defendant-Appellant Oscar Garza-Lopez pled guilty to being
knowingly and unlawfully present in the United States following
deportation, in violation of 8 U.S.C. § 1326(a) and (b).  At
sentencing, the district court increased his offense level by
sixteen points pursuant to UNITED STATES SENTENCING GUIDELINES
("U.S.S.G.") § 2L1.2(b)(1)(A)(i) (2003), which authorizes an
enhancement if the defendant previously was convicted of a "drug
trafficking offense" for which the sentence exceeded thirteen
months.  Garza-Lopez now appeals his sentence of seventy-seven
months, arguing: (1) the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b) are unconstitutional; (2) the district court erred by enhancing his sentence under § 2L1.2(b)(1)(A)(i); and (3) the district court erred by sentencing him under the mandatory guidelines regime held to be unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). For the following reasons, we VACATE and REMAND Garza-Lopez's sentence.

## I. Factual and Procedural Background

On February 19, 2003, Garza-Lopez was deported from the United States to Mexico. On July 27, 2001, prior to his deportation, he was convicted in the Superior Court of California, Kern County, Bakersfield, of transporting/selling a controlled substance, namely methamphetamine, under CAL. HEALTH & SAFETY CODE § 11379(a). Garza-Lopez was sentenced to three years imprisonment for this offense.

On July 15, 2003, Border Patrol agents found Garza-Lopez at the Hidalgo County Jail in Edinburg, Texas. Because he had not previously obtained permission to re-enter the United States after being deported in February of 2003, he was indicted with being illegally present in the United States. He pled guilty to this charge.

On December 11, 2003, the district court sentenced Garza-Lopez. In the Presentence Report (the "PSR"), which applied the 2003 edition of the Guidelines Manual, the probation officer

2

scored Garza-Lopez at a base offense level of eight. He then increased his offense level by sixteen points pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), which authorizes a sixteen-point enhancement if the defendant has been convicted of a prior "drug trafficking offense" for which the sentence imposed exceeded thirteen months. The PSR stated that the basis for this enhancement was Garza-Lopez's 2001 conviction under CAL. HEALTH & SAFETY CODE § 11379(a).

At sentencing, the district court granted a two-level reduction in Garza-Lopez's offense level for timely acceptance of responsibility. The government requested an upward departure for under-representation of Garza-Lopez's criminal history and an additional one-level reduction for timely acceptance of responsibility. Garza-Lopez objected to the upward departure and moved for a downward departure. The district court granted the request for an additional one-level downward departure for acceptance of responsibility, and it denied the government's request for an upward departure. The district court then adopted the revised PSR (including the sixteen-level enhancement for Garza-Lopez's "drug trafficking" conviction under § 11379(a)), and it concluded that Garza-Lopez's criminal history category was VI. Accordingly, the punishment range under the Sentencing Guidelines was seventy-seven to ninety-six months. The district court sentenced Garza-Lopez to seventy-seven months, the low end of the applicable range, to be followed by a two-year term of

3

supervised release.  The court also imposed a $100 special assessment.

On December 17, 2003, Garza-Lopez filed a timely notice of appeal of his sentence.  In his original appellate brief, he raised only one issue:  whether the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. The government responded by moving for summary affirmance.  On June 16, 2004, before this court ruled on the motion for summary affirmance, Garza-Lopez moved for leave to file a supplemental brief.  The court granted Garza-Lopez's motion.  As a result, Garza-Lopez filed a supplemental brief in which he argued that the district court erred when it imposed the sixteen-level enhancement under § 2L1.2(b)(1)(A)(i) on the basis of his prior conviction under § 11379(a).  Garza-Lopez also filed an unopposed motion to supplement the record, requesting permission to include in the record the state court charging instrument for his conviction under § 11379(a), which this court granted.  Finally, on February 16, 2005, Garza-Lopez, with the permission of this court, filed a supplemental letter brief addressing the effect of Booker on his appeal.

## II.  ANALYSIS

### A.    The Sixteen-Level Enhancement

Garza-Lopez argues that the district court committed plain error by enhancing his sentence by sixteen levels on the basis of

4

his 2001 conviction under § 11379(a).  According to Garza-Lopez,

§ 11379(a) criminalizes a variety of conduct, including acts that

cannot form the basis for a sentencing enhancement under §

2L1.2(b)(1)(A)(i).

Garza-Lopez states that under § 2L1.2(b)(1)(A)(i) of the

Sentencing Guidelines, a defendant's offense level is increased

by sixteen levels if he has previously been convicted of a "drug

trafficking offense for which the sentence imposed exceeded 13

months."  The Sentencing Guidelines define a "drug trafficking

offense" as:

> [A]n offense under federal, state, or local law that
> prohibits the manufacture, import, export, distribution,
> or dispensing of a controlled substance (or a counterfeit
> substance) or the possession of a controlled substance
> (or a counterfeit substance) with intent to manufacture,
> import, export, distribute, or dispense.

U.S.S.G. § 2L1.2, Application Note 1(B)(iv).  As Garza-Lopez

notes, in the present case, the PSR stated that Garza-Lopez had

been convicted of such a "drug trafficking offense," namely the

offense of "[t]ransport/sell methamphetamine" under § 11379(a).

Garza-Lopez argues that the district court erred because it

relied on the PSR and because the language of § 11379(a) was too

broad to establish that he had committed a "drug trafficking

offense."[1]  In support of this claim, Garza-Lopez cites United

---

[1]     Garza-Lopez  also  argues that the language of the
California charging document simply tracks the language of
§ 11379(a).  Thus, he contends that even if the district court had
examined the charging document, it could not have concluded that he
committed a "drug trafficking offense."  On June 17, 2004, Garza-

5

States v. Navidad-Marcos, 367 F.3d 903 (9th Cir. 2004), in which the Ninth Circuit held, in a case with similar facts, that "§ 11379(a) was too broad to establish a predicate offense justifying the [sixteen]-level enhancement." Id. Garza-Lopez argues that this court should follow the logic of the Ninth Circuit's decision in Navidad-Marcos and hold that the district court erred in enhancing his offense level by sixteen levels because § 11379(a) is too broad to have permitted an enhancement under U.S.S.G. § 2L1.2(b)(1)(A). He further argues that the district court's error affected his substantial rights because, absent the sixteen-level enhancement, he would have been facing an imprisonment range of only thirty-three to forty-one months.

Because Garza-Lopez did not object below to the district court's imposition of the sixteen-level increase, this court reviews the district court's imposition of the enhancement for plain error. See United States v. Villegas, No. 03-21220, 2005 WL 627963, at *2 (5th Cir. Mar. 17, 2005). This court finds plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights. Id.; United States v. Olano, 507 U.S. 725, 732-37 (1993). When these three conditions are all met, this court may exercise its discretion to correct the error only if

Lopez filed a motion to supplement the record with a copy of the California charging document. The government did not oppose this motion, which this court granted. Accordingly, the charging document is now part of the record.

the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Mares, No. 03-21035, 2005 WL 503715, at *8 (5th Cir. Mar. 4, 2005) (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

In reviewing Garza-Lopez's claim of plain error, we begin by determining whether the district court committed an error and whether that error was plain. Villegas, 2005 WL 627963, at *2-5. In resolving Garza-Lopez's claim that the district court erred by misapplying § 2L1.2(b)(1)(A), we review the district court's interpretation and application of the Guidelines de novo. Id.

Under the categorical approach set forth in United States v. Taylor, 495 U.S. 575, 602 (1990), a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes. See also United States v. Gracia-Cantu, 302 F.3d 308, 309 (5th Cir. 2002). In a "narrow range of cases," however, a district court may look beyond the elements of the offense when making such a determination. Taylor, 495 U.S. at 602. In such cases, courts are not free to consider any facts, but may consider the statutory definition of the offense, the charging paper, and the jury instructions. See United States v. Allen, 282 F.3d 339, 343 (5th Cir. 2002) (citing Taylor, 495 U.S. at 601). This court has held that the determination of whether a "drug trafficking offense" was committed falls into the narrow range of cases where the court may consider information other

7

than the statutory definition of the offense.  <u>United States v. Rodriquez-Duberney</u>, 326 F.3d 613, 616-17 (5th Cir. 2003) ("We therefore decline to extend the <u>Gracia-Cantu</u> categorical approach to § 2L1.2(b)(1)(A)(i)."). Thus, courts making such a determination may consider the statutory definition of the predicate offense, the charging paper, and the jury instructions. See <u>id.</u> at 617; <u>Allen</u>, 282 F.3d at 343.

In the present case, the district court did not have the state court charging document or the jury instructions before it when it sentenced Garza-Lopez.  All that it had before it was the PSR prepared by the probation officer.  In the PSR, the probation officer categorized Garza-Lopez's 2001 conviction as "Transport/sell methamphetamine; Superior Court of Kern County, Bakersfield, California; Cause No. BF095698A."  The probation officer then provided the following narrative of the facts underlying this offense:

> According to the Kern County, California, Sheriff's Department, on July 12, 2001, deputies received confidential information indicating that the defendant was in the process of transporting approximately two ounces of methamphetamine from a motel room he was staying at to a local market.  Surveillance was established . . . .  The deputies followed the defendant to a local market, where the defendant parked the vehicle.  After the deputies made contact with the defendant, a search of the vehicle was conducted, which led to the seizure of 1.97 ounces of methamphetamine wrapped in a washcloth on the floorboard. Consequently, the defendant was placed under arrest. The defendant later admitted that he was going to sell the methamphetamine to a female, whom he refused to identify.  A further search of the defendant's motel room led to the seizure of approximately 62.3 grams of

8

> methamphetamine. The defendant also was charged in Count 2 with possession of a controlled substance for sale, which was dismissed in the furtherance of justice.

The probation officer recommended a sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A)(i) on the basis of this information, but he did not state from where he obtained this factual information about Garza-Lopez's conviction.

While the probation officer's factual narrative in the PSR suggests that Garza-Lopez was convicted of a "drug trafficking offense," the district court was not permitted to rely on the PSR's characterization of the offense in order to make its determination of whether it was a "drug trafficking offense." In Shepard v. United States, 125 S. Ct. 1254, 1257, 1259-61 (2005), the Supreme Court rejected an expansive reading of Taylor that would permit courts to examine documents other than conclusive records made or used in adjudicating guilt when characterizing a sentence for enhancement purposes. Accordingly, it held that the district court in Shepard was limited to examining "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Id. at 1257. Thus, under Shepard, a district court is not permitted to rely on a PSR's characterization of a defendant's prior offense for enhancement purposes. Similarly, in United States v. Gutierrez-Ramirez, No. 03-41742, 2005 WL

9

762664, at *1 (5th Cir. Apr. 5, 2005), the PSR recommended a sixteen-level increase for the commission of a prior "drug trafficking offense." The district court, after examining the abstract of judgment, granted the increase. On appeal, the government, arguing that the sentence should be affirmed, stated that under Rodriquez-Duberney, the court "may look to sources such as the PSR for the underlying facts of the prior conviction." Id. at *2. This court rejected the government's argument, holding that Rodriquez-Duberney "did not authorize reference to a source other than the indictment to determine whether the prior conviction could be classified as a 'drug trafficking offense.'" Id. at *3. Accordingly, this court held that the district court erred, and it vacated and remanded the defendant's sentence. Id. at *3-6. Likewise, in a recent unpublished case nearly identical to the present one, United States v. Gonzalez-Borjas, No. 04-40238, 2005 WL 629822, at *1-3 (5th Cir. Mar. 18, 2005) (per curiam) (unpublished), this court found that the district court had committed plain error when it imposed a sixteen-level enhancement for committing a "drug trafficking offense." In Gonzalez-Borjas, the district court adopted the PSR's characterization of the defendant's sentence as a "drug trafficking offense." This court reversed the defendant's sentence, holding that the district court had committed plain error when finding that the defendant had committed a "drug trafficking offense." Gonzalez-Borjas, 2005 WL

10

629822, at *1-3; see also United States v. Martinez-Cortez, 988 F.2d 1408, 1451-17 (5th Cir. 1993) (holding that the district court's reliance on the PSR to characterize the defendant's prior offense for enhancement purposes was error); Navidad-Marcos, 367 F.3d at 907-09 (holding that the district court erred when it relied on the PSR and the abstract of judgment when imposing a sixteen-level enhancement for committing a "drug trafficking offense").

As for the statutory definition of § 11379(a), on which the district court could properly rely, it encompasses activity that does not fall within the definition of "drug trafficking offense" under § 2L1.2. See Navidad-Marcos, 367 F.3d at 907. For instance, § 11379(a) criminalizes the transportation of a controlled substance for personal use and offers to transport, sell, furnish, administer, or give away a controlled substance. CAL. HEALTH & SAFETY CODE § 11379(a). None of these acts fall within the definition of "drug trafficking offense" under § 2L1.2, which covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things). See U.S.S.G. § 2L1.2, Application Note 1(B)(iv). Accordingly, the district court could not have found that Garza-Lopez was convicted of a "drug trafficking offense" solely by looking at the language of § 11379(a) because it was overbroad. Because the district court did not have before it the charging document or

11

jury instructions for Garza-Lopez's 2001 conviction, it had nothing proper to rely on that proved that Garza-Lopez was convicted of a "drug trafficking offense."  Accordingly, the district court erred when it found that Garza-Lopez was convicted of a "drug trafficking offense."

With respect to the second prong of the plain-error test, an error is plain if it is "clear" or "obvious."  Olano, 507 U.S. at 734.  As the Supreme Court held in Johnson v. United States, 520 U.S. 461, 467-68 (1997), "it is enough that the error be 'plain' at the time of appellate consideration."  As discussed above, several recent cases have made it clear that the district court's reliance on the PSR was error.  See, e.g., Shepard, 125 S. Ct. at 1257, 1259-61; Gutierrez-Ramirez, 2005 WL 762664, at *1-3; Gonzalez-Borjas, 2005 WL 629822, at *1-3.  Accordingly, the district court's error was plain.

With respect to the third and fourth prongs of the plain-error test, we must determine "whether the defendant can show a reasonable probability that, but for the district court's misapplication of the Guidelines, [the defendant] would have received a lesser sentence."  Villegas, 2005 WL 627963, at *7.  In Villegas, the court stated that absent the enhancement, the defendant's "sentencing range would have been reduced from between twenty-one and twenty-seven months to between ten and sixteen months."  Id. at *7.  It then held that "[b]ecause these two sentencing ranges do not overlap, the district court's error

12

necessarily increased [the defendant's] sentence and thus affected his substantial rights."  Id.; see also United States v. Insaulgarat, 378 F.3d 456, 468 n. 17 (5th Cir. 2004) (holding that because the district court's error resulted in the imposition of a sentence substantially greater than the maximum otherwise permitted under the Sentencing Guidelines, the error affected the defendant's substantial rights and the fairness of the judicial proceedings); Gracia-Cantu, 302 F.3d at 312 (same). In the present case, without the sixteen-level enhancement for committing a "drug trafficking offense," Garza-Lopez's adjusted base offense level would have been at most thirteen, and his sentencing range would have been at most thirty-three to forty-one months, far less than the seventy-seven month sentence he received.  Thus, the district court's error in the present case resulted in the imposition of a sentence that was substantially greater than would otherwise have been permitted under the Sentencing Guidelines, thereby affecting Garza-Lopez's substantial rights and the fairness of the judicial proceedings. See, e.g., Villegas, 2005 WL 627963, at *7; Insaulgarat, 378 F.3d at 468 n.17; Gracia-Cantu, 302 F.3d at 312.  Accordingly, we conclude that the district court committed plain error when it imposed the sixteen-level sentence enhancement, and we vacate Garza-Lopez's sentence and remand for resentencing.[2]  See

_____

[2]    Because we vacate Garza-Lopez's sentence, we need not address his argument that the district court committed error under

13

<u>Villegas</u>, 2005 WL 627963, at *7.

**B.    The Constitutionality of 8 U.S.C. § 1326(b)**

Garza-Lopez next argues that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional on their face and as applied in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[3]  According to Garza-Lopez, the "felony" and "aggravated felony" provisions found in these sections are essential elements of the offense that must be pled in the indictment and proved beyond a reasonable doubt, not sentencing enhancement factors that a judge should determine.  He notes that in <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), the Supreme Court rejected this argument, holding that "Congress intended to set forth a sentencing factor in subsection (b)(2) [of 8 U.S.C. § 1326] and

<u>Booker</u> by sentencing him under a mandatory guidelines regime.

[3]    8 U.S.C. §§ 1326(b)(1) and (2) state:

(b)  Criminal penalties for reentry of certain removed aliens

Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--

(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;

(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both . . . .

14

not a separate criminal offense." Nevertheless, he argues that in light of Apprendi, there is reason to think that Almendarez-Torres was wrongly decided. While Garza-Lopez thinks there is reason to believe Almendarez-Torres was wrongly decided, he admits in his brief that his argument that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional is foreclosed in this circuit by Almendarez-Torrez. He then states that he is simply raising this argument on appeal to preserve it for possible review by the Supreme Court.

Because Garza-Lopez made no objection to the alleged constitutional error below, we review it for plain error. United States v. Knowles, 29 F.3d 947, 951 (5th Cir. 1994). This court has held that "[i]t is self-evident that basing a conviction on an unconstitutional statute is both 'plain' and 'error' . . . ." Id. at 951.

Garza-Lopez's argument that §§ 1326(b)(1) and (2) are unconstitutional after Apprendi fails in light of Almendarez-Torres and Fifth Circuit precedent. As Garza-Lopez readily admits, in Almendarez-Torres, the Supreme Court effectively rejected his argument. See Almendarez-Torres, 523 U.S. at 235. Furthermore, Apprendi did not overrule Almendarez-Torres. Instead, the Supreme Court stated in Apprendi that "we need not revisit [Almendarez-Torres] for purposes of our decision today to treat the case as a narrow exception to the general rule we recalled at the outset." Apprendi, 530 U.S. at 490. This court

15

has repeatedly rejected arguments like the one made by Garza-Lopez and has held that <u>Almendarez-Torres</u> remains binding despite <u>Apprendi</u>.  <u>See, e.g.</u>, <u>United States v. Mendez-Villa</u>, 346 F.3d 568, 570-71 (5th Cir. 2003) (per curiam); <u>United States v. Delgado-Nunez</u>, 295 F.3d 494, 498 (5th Cir. 2002).  Accordingly, Garza-Lopez's argument that §§ 1326(b)(1) and (2) are unconstitutional in light of <u>Apprendi</u> fails.

## III.  CONCLUSION

For the foregoing reasons, we VACATE Garza-Lopez's sentence and REMAND for resentencing consistent with this opinion.