United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40896
Conference Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ALFREDO TORRES-GONZALEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-148-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Alfredo Torres-Gonzalez (Torres) pleaded guilty to one count

of reentering the United States without permission after having

been deported.  Torres contends that 8 U.S.C. § 1326(b), under

which he was convicted, is unconstitutional.  The Government

contends that Torres waived his right to appeal.  We need not

decide the applicability of the waivers in this case because the

issue that Torres raises is foreclosed.


     Torres's constitutional challenge to 8 U.S.C.

---
     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Torres contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Torres properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.