United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40748
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

JUAN HERRERA-MARTINEZ,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2586-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Juan Herrera-Martinez (Herrera) pleaded guilty to one count

of illegally reentering the United States following deportation,

in violation of 8 U.S.C. § 1326.  In his sole point of error on

appeal, Herrera challenges the constitutionality of

§ 1326(b)'s treatment of prior felony and aggravated felony

convictions as sentencing factors rather than elements of the

offense that must be found by a jury in light of <u>Apprendi v. New

Jersey</u>, 530 U.S. 466 (2000).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Herrera's constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Although Herrera contends that Almendarez-Torres was incorrectly

decided and that a majority of the Supreme Court would overrule

Almendarez-Torres in light of Apprendi, we have repeatedly

rejected such arguments on the basis that Almendarez-Torres

remains binding.  See United States v. Garza-Lopez, 410 F.3d 268,

276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Herrera

properly concedes that his argument is foreclosed in light of

Almendarez-Torres and circuit precedent, but he raises it here to

preserve it for further review.

AFFIRMED.