United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41334
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

TOMAS LOPEZ-RODRIGUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-268-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Tomas Lopez-Rodriguez (Lopez) appeals from his conviction of
being illegally present in the United States after having been
deported.  He challenges the constitutionality of the "felony"
and "aggravated felony" provisions of 8 U.S.C. § 1326(b) and
contends that his challenge is not barred by the appeal-waiver
provision of his plea agreement.  The Government seeks
enforcement of the waiver provision.  Because Lopez's substantive
contention is foreclosed, we need not address whether to enforce
the waiver provision.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The constitutional issue raised by Lopez is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Lopez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Lopez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.