United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10838
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                                                        Plaintiff-
                                        Appellee,

                            versus

PEDRO VELASQUEZ-MORENO, also known as Rogelio Robles
Vasquez, also known as Pedro Velasquez Moreno, also
known as Padro Valisquas, also known as Eleno Escobedo
Miranda,

                                                            Defendant-
                                        Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-14-ALL
-------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judge.

PER CURIAM:[*]

    Pedro Velasquez-Moreno appeals the sentence imposed following his guilty-plea conviction

for illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a) and

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(b)(2). He argues that the district court's upward departure was erroneous because he had the minimum number of criminal history points for Criminal History Category VI and he had not committed an offense since 1995. He also argues that the district court's upward departure was excessive, that the district court did not move incrementally down the sentencing table, and that the district court did not adequately explain how it arrived at the sentence.

Velasquez-Moreno had an offense level of 21, a criminal history category of VI, and a Guidelines range of 77 to 96 months. The district court departed upward to an offense level of 27 and imposed a sentence of 156 months. The district court explained that its upward departure was based on Velasquez-Moreno's extensive criminal history, his very high likelihood of recidivism, the need to promote respect for the law, the need to deter future criminal conduct, and the need to protect the public from further crimes by Velasquez-Moreno. Guided by the factors in 18 U.S.C. § 3553(a), we conclude that there is no reversible error and that the district court's sentence was reasonable for the reasons stated by the district court. *See United States v. Simkanin*, 420 F.3d 397, 416 (5th Cir. 2005), *petition for cert. filed* (Jan. 25, 2006)(No. 05-948); *United States v. Smith*, 417 F.3d 483, 489-90 (5th Cir.), *cert. denied*, 126 S. Ct. 713 (2005).

Velasquez-Moreno also argues that his sentence should be vacated because *Apprendi v. New Jersey*, 530 U.S. 466 (2000), implicitly overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). He concedes that his argument is foreclosed by *Almendarez-Torres*. We must follow the precedent in *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it." *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

AFFIRMED.