United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40963
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE SANTIAGO SANCHEZ-HERRERA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-144-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Santiago Sanchez-Herrera appeals his conviction and sentence for illegal reentry into the United States after deportation following a conviction for an aggravated felony. The Government seeks to dismiss Sanchez-Herrera's appeal as barred by the appellate waiver provision in his plea agreement.

Sanchez-Herrera's conviction was pursuant to a written plea agreement. In the agreement, Sanchez-Herrera waived the right to have facts that the law makes essential to the punishment either charged in the indictment, proven to a jury, or proven beyond a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable doubt.  Sanchez-Herrera also waived the right to appeal his sentence, but reserved the right to appeal a sentence in excess of the statutory maximum sentence.  We assume, arguendo only, that the waiver does not bar the instant appeal.

Sanchez-Herrera cannot succeed in this appeal, however, because his constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Sanchez-Herrera contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Sanchez-Herrera properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.