United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
THE FIFTH CIRCUIT**

No. 05-40550
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE GUADALUPE RUIZ-CARMONA,
also known as Javier Perez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-1767-ALL)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

On several bases, Jorge Guadalupe Ruiz-Carmona challenges his conviction and sentence, following pleading guilty to being illegally present in this country after having been deported in violation of 8 U.S.C. § 1326.

First, Ruiz claims the district court erred by failing to rule on his downward-departure motion, as required by Federal Rule of Criminal Procedure 32(i)(3)(B). This court lacks jurisdiction to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review a refusal to depart downward, unless there is some indication the district court erroneously believed it lacked the authority to do so. *United States v. Hernandez*, 457 F.3d 416, 424 n.5 (5th Cir. 2006).

Immediately before sentencing Ruiz, the district court heard Ruiz's arguments supporting his downward-departure motion. Although the court did *not* explicitly rule on the motion, it implicitly denied it by imposing a sentence within the Guideline range. Because the record does *not* suggest the district court believed it lacked authority to depart in Ruiz's case, this court lacks jurisdiction to consider this claim. *Id.*

Ruiz next contends, for the first time on appeal, that the district court abused its discretion by imposing a supervised-release condition requiring him to cooperate in the collection of his DNA. This contention is *not* ripe for review and is therefore dismissed for lack of jurisdiction. *See United States v. Riascos-Cuenu*, 428 F.3d 1100, *vacated on other grounds*, --- S. Ct. ---, 2006 WL 123289 (U.S. Dec. 11, 2006); *United States v. Carmichael*, 343 F.3d 756, 760-62 (5th Cir. 2003). Ruiz acknowledges this argument is foreclosed, but raises it to preserve it for further review.

As stated, the Supreme Court recently granted *certiorari* in *Riascos-Cuenu*, vacated the holding, and remanded for consideration in the light of *Lopez v. Gonzales*, 549 U.S. --- (2006).

*Riascos-Cuenu v. United States*, --- S. Ct. ---, 2006 WL 123289, *1 (2006).  *Lopez* does *not* concern DNA-collection sentencing; but, *even if* we have jurisdiction to review Ruiz's claim, our review, in the alternative, would be only for plain error because, as noted, Ruiz failed to raise his objection at sentencing.  *See* FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993).

Under plain-error review, Ruiz must show a clear or obvious error affecting his substantial rights.  *Id.*  If he satisfies those criteria, this court *may* correct the forfeited error *only if* it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.* (internal quotation omitted).  Ruiz fails to show the district court made a clear or obvious error.

Finally, Ruiz challenges the constitutionality of § 1326(b) in the light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  This challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998).  Although Ruiz maintains *Almendarez-Torres* was decided incorrectly and that a majority of the Supreme Court would overrule *Almendarez-Torres* in the light of *Apprendi*, we have repeatedly rejected such arguments.  *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).  Ruiz concedes his argument is foreclosed by *Almendarez-Torres*, but raises it to preserve it for further review.

*AFFIRMED IN PART; DISMISSED IN PART*

3