United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40510
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CHRISTIAN ALFREDO PRADO-VASQUEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-766-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Christian Alfredo Prado-Vasquez appeals his guilty-plea

conviction of, and sentence for, violating 8 U.S.C. § 1326 by

attempting to enter the United States without permission after

deportation.  He argues, in light of Apprendi v. New Jersey,

530 U.S. 466 (2000), that the 46-month term of imprisonment

imposed in his case exceeds the statutory maximum sentence

allowed for the § 1326(a) offense charged in his indictment.

He challenges the constitutionality of § 1326(b)'s treatment of

prior felony and aggravated felony convictions as sentencing

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors rather than elements of the offense that must be found by a jury.

Prado-Vasquez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Prado-Vasquez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  The judgment of the district court is AFFIRMED.