United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50825
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GERARDO PASILLAS-BONILLA, also known as Gerardo
Pasillas-Bonilla,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-61-1
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Gerardo Pasillas-Bonilla (Pasillas) appeals his

convictions and sentences for conspiracy to import more than 50

kilograms of marijuana, conspiracy to possess with intent to

distribute more than 50 kilograms of marijuana, and illegal

reentry after deportation.

Pasillas first challenges the constitutionality of 8 U.S.C.

§ 1326(b)'s treatment of prior felony and aggravated felony

convictions. Pasillas's constitutional challenge is foreclosed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court now would overrule <u>Almendarez-Torres</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Pasillas properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Pasillas also argues that the district court violated FED. R. CRIM. P. 32 by not making a specific finding on his objection to an enhancement for his role in the offense. Rule 32 requires the sentencing court to make findings regarding controverted facts in the PSR, or to state that those facts will not be taken into account at sentencing.  The district court satisfied the mandate of Rule 32 when it overruled the objection and adopted the PSR because the findings in the PSR were "so clear" as not to leave this court to "second guess" the basis for the district court's decision.  <u>United States v. Carreon</u>, 11 F.3d 1225, 1230-31 (5th Cir. 1994).

AFFIRMED.