United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-41443

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELO CASTANEDA-BALTAZAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-792
--------------------

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant Marcelo Castaneda-Baltazar plead guilty to illegal reentry. In sentencing Castaneda, the district court added twelve levels under U.S.S.G. § 2L1.2(b)(1)(B), which mandates enhancement when the defendant was previously convicted of a felony "drug trafficking offense" for which the sentence was thirteen months or less. The court based the enhancement on Castaneda's 1995 California state conviction for, as alleged in the state indictment, "Transport/Sell/Offer to Sell Marijuana (Felony)," in violation of CAL. HEALTH & SAFETY CODE § 11360(a) (1995), for which he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

received probation.[1]   Castaneda challenges the enhancement on appeal.

Castaneda concedes that we should review for plain error because his counsel never objected to the enhancement below. Unsatisfied with this concession, the Government urges that Castaneda waived - not just forfeited - the argument, precluding us from considering it.  See United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir. 2006) (discussing difference between waiver and forfeiture).  This, the Government asserts, because at sentencing Castenda's counsel told the district court that she "under[stood] that the guideline score is correct.  It does call for a twelve-level enhancement."   Waiver, however, is the "intentional relinquishment or abandonment of a known right," United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)), and Castaneda did not *intentionally* relinquish a *known* right here.  Indeed, given that counsel failed to object below on the basis raised on appeal, presumably because she did not recognize the argument, she had no choice but to concede to the district court in the words used that the Guidelines calculation was correct.  This court came to the same conclusion in Arviso-Mata, 442 F.3d at 384, a case presenting almost identical

---

[1] CAL. HEALTH & SAFETY CODE § 11360(a) states: "Except as otherwise provided by this section or as authorized by law, every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any marijuana shall be punished by imprisonment in the state prison for a period of two, three or four years."

facts in which the court declined to find waiver because there was "no evidence...that counsel knew of the sentencing guidelines issue and...consciously chose to forego it."[2]  And we recently applied Arviso-Mata to another case just like the present one.  See United States v. Duque-Hernandez, 2007 WL 1017046 (5th Cir. Mar. 29, 2007) (unpub.).  Castaneda did not waive this argument.

To establish plain error, Casteneda must show: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected [his] substantial rights.  When these elements are present, [this Court] may exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."  United States v. Gracia-Cantu, 302 F.3d 308, 310 (5th Cir. 2002).  The Government argues first that we cannot analyze whether there was error here because Castaneda has never produced the California indictment, judgment of conviction, or anything else showing of what he was actually convicted in state court.  Castaneda responds that the PSR makes clear of what crime he was convicted, and in any event this court has repeatedly remanded for the district court to obtain and review the relevant documents, even in cases of plain error review, as the Government concedes.  See United States v. Bonilla-Mungia, 422 F.3d 316, 321-22 (5th Cir. 2005); United States v. Gonzalez-

---

[2] The court noted that the two cases cited by the Government involved situations where objections were made, then withdrawn.  In such situations, of course, the defendant is plainly aware of the relevant argument or claim.  See also United States v. Jaimes-Jaimes, 406 F.3d 845 (7th Cir. 2005) (holding similarly to Arviso-Mata); United States v. Jimenez, 258 F.3d 1120 (9th Cir. 2001) (same).

Chavez, 432 F.3d 334, 338-39 (5th Cir. 2005). We need not worry (or remand), however, because we granted Castaneda's unopposed motion to supplement the record on appeal with the relevant documents, submitted after the Government filed its brief, so we now have everything we need to dispose of this appeal.

Castanenda argues there was error because his statute of conviction encompasses acts not included in the definition of "drug trafficking offense," in violation of the categorical approach, see United States v. Rodriguez-Rodriquez, 323 F.3d 317, 318-19 (5th Cir. 2003). Namely, he argues, § 11360(a) encompasses mere transportation of drugs and offering to sell drugs, acts not considered "drug trafficking offense[s]," see United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir. 2005), and his indictment and statute of conviction leave open the possibility that he was convicted for offering to sell. Indeed, he notes, we have recently held as much in two cases involving CAL. HEALTH & SAFETY CODE § 11352(a), a statute in relevant part identical to § 11360(a) but substituting various other drugs for "marijuana," see United States v. Gutierrez-Ramirez, 405 F.3d 352 (5th Cir. 2005); United States v. Gonzalez-Borjas, 125 Fed. App'x 556 (5th Cir. 2005) (unpub.), and in a recent unpublished opinion we held the same regarding the actual statute as issue here, United States v. Acosta-Avitia, 145 Fed. App'x 70 (5th Cir. 2003). The Government offers no persuasive rejoinder, focusing instead on Castaneda's forfeiture or supposed

waiver, which is irrelevant to whether there was error.[3]  It is clear there was error here, and the error was plain.

Castaneda continues that the plain error affects his substantial rights and seriously affects the fairness, integrity, and public reputation of the judicial proceedings because, without the enhancement here, his Guidelines range would have been, at a maximum,[4] fifteen to twenty-one months, and he was actually sentenced to twenty-seven months, the bottom of the erroneous twenty-seven to thirty-three month range.  He correctly notes that we have consistently found reversible plain error in similar situations.  See Gracia-Cantu, 302 F.3d at 313; United States v. Alarcon, 261 F.3d 416, 423-24 (5th Cir. 2001); United States v. Aderholt, 87 F.3d 740, 744 (5th Cir. 1996); United States v. Green, 46 F.3d 461, 467 (5th Cir. 1995); United States v. Franks, 46 F.3d

---

[3] There is a rejoinder to this argument that the Government has made before.  See United States v. Vargas-Vargas, 2007 WL 1493901 (5th Cir. May 22, 2007) (unpub.) (mooting the case, but the Government made the argument in its brief).  Namely, that a defendant who pleads guilty to a conjunctive indictment, even if the crime can be established disjunctively at trial, admits guilt to each method of committing the crime and, therefore, admits to the elements establishing the categorical crime providing for enhancement.  See United States v. Williams, 47 F.3d 993, 995 (9th Cir. 1995) (holding that when a defendant pleads guilty to facts stated in the conjunctive, he admits each allegation as true); United States v. Still, 102 F.3d 118, 124-25 (5th Cir. 1996) (holding that guilty plea to using and carrying firearm was admission of both); but see Omari v. Gonzales, 419 F.3d 303, 308 n.10 (5th Cir. 2005) (holding that guilty plea to crime charged conjunctively but provable disjunctively did not mean admission to guilt of both).  Further, the argument continues, the law here is at a minimum unclear, so surely there is no "plain" error.  The Government in this case, however, does not make this argument.

[4] On re-sentencing, the prior conviction might be an "aggravated felony" under § 2L1.2(b)(1)(C), yielding an eight-level enhancement, or just an "any other felony" under § 2L1.2(b)(1)(D), yielding a four-level enhancement.  Castaneda does not concede that the prior conviction was an "aggravated felony," and we do not decide the issue.  See Gonzalez-Borjas, 125 Fed. App'x at 560 (declining to decide the issue, leaving it to the district court on re-sentencing).

402, 404-05 (5th Cir. 1995). Indeed, in Gonzalez-Borjas, this court corrected the error where the erroneous range was forty-six to fifty-seven months, the defendant was sentenced at the bottom, and the corrected range would have been, at most, thirty-three to forty-one months. 125 Fed. App'x at 559. The Government makes no response to this prong of plain error review. We conclude that the error here affected Castaneda's substantial rights and seriously affected the fairness, integrity, and public reputation of the judicial proceedings. Hence we must vacate and remand.

Castaneda also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors. He makes two claims: that the statute is unconstitutional as applied to him because his prior conviction wasn't alleged in his federal indictment and he never admitted its existence in pleading guilty, and that § 1326(b) is unconstitutional on its face because it can never be applied constitutionally. As he properly concedes, both arguments are foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises the arguments only to preserve them.

SENTENCE VACATED AND REMANDED FOR RE-SENTENCING.