**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Isidro Gabriel MORALES,**
**Defendant–Appellant.**

**No. 05–40807.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Isidro Gabriel Morales appeals his sentence under 8 U.S.C. § 1326(a) and (b) for illegal reentry into the United States after having been deported following conviction for an aggravated felony. Morales asserts that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are facially unconstitutional.

The constitutional issue raised is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Morales contends that *Almendarez–Torres* was incorrectly decided and that majority of the Supreme Court would overrule it in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Morales properly concedes that his argument is foreclosed in

---

light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.