United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11375
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO MARTINEZ-ESQUIVEL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-140-ALL-L
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Juan Antonio Martinez-Esquivel appeals his conviction and sentence for illegal reentry after a previous deportation. Martinez-Esquivel first challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Martinez-Esquivel's constitutional challenge to § 1326(b) is foreclosed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Martinez-Esquivel contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Martinez-Esquivel properly concedes that <u>Almendarez-Torres</u> has not been overruled.

Martinez-Esquivel argues that his sentence is illegal under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the Sentencing Guidelines. In the district court, Martinez-Esquivel objected to the sentence under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). He now raises the type of error raised by a second respondent in <u>Booker</u>, Ducan Fanfan, i.e., that imposition of a sentence pursuant to a mandatory Guidelines regime violated his rights. <u>See</u> <u>Booker</u>, 125 S. Ct. at 750, 768-69. The Government avers that Martinez-Esquivel has preserved a <u>Fanfan</u>-type error for appeal and that it, the Government, cannot show that the district court would not have sentenced Martinez-Esquivel differently under an advisory Guidelines regime.

Because the Government admits that it cannot show that the district court would not have sentenced Martinez-Esquivel differently under an advisory Guidelines system, <u>see United States v. Akpan</u>, 407 F.3d 360, 377 (5th Cir. 2005), we vacate the sentence

2

and remand for resentencing in accordance with <u>Booker</u>.  Martinez-Esquivel's argument that the Due Process and Ex Post Facto Clauses bar the application of Justice Breyer's remedy opinion in <u>Booker</u> is foreclosed by our prior caselaw.  <u>See</u> <u>United States v. Scroggins</u>, 411 F.3d 572, 576-77 (5th Cir. 2005).

**AFFIRMED IN PART; VACATED IN PART AND REMANDED.**