United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40800
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS CLEMENTE OLMEDO, true name Gabriel Patricio Contreras,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1729-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Luis Clemente Olmedo (Clemente) appeals his guilty-plea conviction and sentence for being illegally present in the United States following removal.  Clemente's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Clemente contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Clemente properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Clemente correctly asserts that the written judgment does not reflect the district court's oral pronouncement that his sentence is to run concurrently with the sentence he received for the revocation of supervised release. Any error, however, is harmless because the written judgment in the revocation of supervised release case states that the sentence from that case is to run concurrently with the sentence imposed in this case. See United States v. Akpan, 407 F.3d 360, 376-77 (5th Cir. 2005) (mistake that does not prejudice defendant is harmless).

AFFIRMED.