**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto BORJAS–GUERRERO, Defendant–Appellant.**

No. 05–40992.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Roberto Borjas–Guerrero (Borjas) appeals his conviction under 8 U.S.C. § 1326(a) and (b) for illegal reentry into the United States after having been deported following conviction for an aggravated felony. He asserts that the "felony" and "aggravated felony" provisions of the statute cause it to be unconstitutional on its face.

The Government asserts that waiver language in Borjas's plea agreement bars his appeal. However, we need not decide this issue here, as the underlying constitutional issue raised is precluded by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Borjas contends that *Almendarez–Torres* was incorrectly decided and that majority of the Supreme Court would overrule it in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Borjas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.