United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40164
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

FRANCISCO GOMEZ-VASQUEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-675-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Gomez-Vasquez (Gomez) appeals his guilty-plea
conviction and sentence for being found unlawfully in the United
States after having been deported.  The district court sentenced
Gomez to 82 months of imprisonment and three years of supervised
release.

Gomez argues that the "felony" and "aggravated felony"
provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional
in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Gomez's
constitutional challenge is foreclosed by Almendarez-Torres v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States, 523 U.S. 224, 235 (1998).  Although Gomez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Gomez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Gomez also argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release.  This claim is not ripe for review on direct appeal.  See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662).  The claim is dismissed.  See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.