United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40582
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

HENRY IVAN GARCIA-ALEMAN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2109-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Henry Ivan Garcia-Aleman appeals his guilty plea conviction
and sentence for illegal reentry following deportation in
violation of 8 U.S.C. § 1326.  Garcia-Aleman challenges the
constitutionality of § 1326(b)'s treatment of prior felony and
aggravated felony convictions as sentencing factors rather than
as elements of the offense that must be found by a jury in light
of Apprendi v. New Jersey, 530 U.S. 466 (2000).

    Garcia-Aleman's constitutional challenge is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Garcia-Aleman contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Garcia-Aleman properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Garcia-Aleman also argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1101-02 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). The claim is dismissed. See id. at 1102.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.