United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41160
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MIGUEL ANGEL MARTINEZ-FERRER,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-165-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Miguel Angel Martinez-Ferrer appeals his sentence for

illegal reentry into the United States following deportation, in

violation of 8 U.S.C. § 1326(a) and (b).  Through a letter mailed

to the clerk of this court after appointed counsel had filed an

appellate brief, Martinez-Ferrer moved to discharge appellate

counsel, appoint new counsel, and amend his appellate brief.  He

also sought to stay this court's ruling on his appeal pending the

resolution of his motion.  As Martinez-Ferrer filed his motions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

after counsel had filed an appellate brief, the motions are denied as untimely.  See United States v. Wagner, 158 F.3d 901, 902-03 (5th Cir. 1998).

The Government seeks to dismiss Martinez-Ferrer's appeal as barred by the appellate waiver provision in his plea agreement. We need not decide whether the waiver precludes consideration of the instant appeal, however, as Martinez-Ferrer's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Martinez-Ferrer contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Martinez-Ferrer properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

MOTIONS DENIED; AFFIRMED.