United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-41383
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO HERNANDEZ-MARTINEZ, also known as Santiago
Hernandez-Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-453-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Roberto Hernandez-Martinez appeals his sentence for being
present in the United States after deportation, in violation of
8 U.S.C. § 1326(a) and (b). Hernandez-Martinez challenges the
constitutionality of § 1326(b)'s treatment of prior felony and
aggravated felony convictions as sentencing factors rather than
elements of the offense that must be found by a jury in light of
Apprendi v. New Jersey, 530 U.S. 466 (2000). The Government
argues that the waiver provision in Hernandez-Martinez's plea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement precludes his attack on the constitutionality of § 1326(b). We assume, _arguendo_ only, that the waiver does not bar the instant appeal.

Hernandez-Martinez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Hernandez-Martinez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Hernandez-Martinez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.