United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51264
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE FLORES-VELASQUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2264-ALL-KC
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jorge Flores-Velasquez (Flores) appeals from a guilty-plea

conviction for being an alien unlawfully present in the United

States after deportation.  See 8 U.S.C. § 1326.

For the first time on appeal, Flores argues that the

district court violated the holding in United States v. Booker,

543 U.S. 220 (2005), by increasing his criminal history score

based upon facts not admitted by him or found by a jury and by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing him under an unconstitutional sentencing guideline scheme.  Flores's arguments are reviewed for plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).  Flores does not demonstrate that the district court would have imposed a different sentence under an advisory guideline scheme.  See id. at 521-22.  Accordingly, Flores cannot establish that his substantial rights were affected.  See id.

Flores also challenges the constitutionality of § 1326(b).  His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Flores contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Flores properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.