United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40757
Conference Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JUAN GONZALEZ-LOPEZ,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1907-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Juan Gonzalez-Lopez (Gonzalez) pleaded guilty to count 1 of

an indictment charging him with entering the United States

illegally following deportation.  Gonzalez was sentenced to a 45-

month term of imprisonment and to a three-year period of

supervised release.  Gonzalez gave timely notice of his appeal.

    Gonzalez challenges the constitutionality of 8 U.S.C.

§ 1326(b)'s treatment of prior felony and aggravated felony

convictions as sentencing factors rather than elements of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense that must be found by a jury in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  Gonzalez's argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional.  Although Gonzalez contends that a majority of the Supreme Court would now consider <u>Almendarez-Torres</u> to be incorrectly decided in light of <u>Apprendi</u>, "[t]his court has repeatedly rejected arguments like the one made by [Gonzalez] and has held that <u>Almendarez-Torres</u> remains binding despite <u>Apprendi</u>."  <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Gonzalez concedes as much, but he raises the argument to preserve it for further review.

AFFIRMED.