United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-51000
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REY DAVID EUSEBIO-GIRON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 3:05-CR-549
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

Rey Eusebio-Giron pleaded guilty of illegal reentry after
deportation and was sentenced to 57 months of imprisonment, three
years of supervised release, and a $100 special assessment. He
argues on appeal that the district court erred in determining that
his prior California conviction under CAL. PENAL CODE § 261.5 for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

unlawful sexual intercourse qualifies under U.S.S.G. § 2L1.2 as a crime of violence because it met both the enumerated offense of statutory rape and the enumerated offense of sexual abuse of a minor. Concerning the enumerated offense of statutory rape, Eusebio-Giron contends that § 261.5 does not have an exception for sexual intercourse between contemporaries, whereas the MODEL PENAL CODE ("MPC") definition of statutory rape excludes sexual intercourse between persons within four years of age of one another.

Eusebio-Giron bases his argument that § 261.5 does not have an exception for sexual intercourse between contemporaries on the fact that § 261.5(b) makes sexual intercourse with a minor within three years of age from the actor a misdemeanor. Because, however, Eusebio-Giron was indicted for and pleaded guilty of violating § 261.5(c), we need not consider whether the offense listed under § 261.5(b) qualifies as statutory rape under § 2L1.2. See United States v. Izaguirre-Flores, 405 F.3d 270, 273 n.6 (5th Cir. 2005). Section 261.5(c) contains an exception similar to that in the MPC, because it does not criminalize sexual intercourse with a minor three years or less apart in age from the actor. Accordingly, Eusebio-Giron's argument lacks merit.

Eusebio-Giron's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S.

466 (2000), <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>Rangel-Reyes v. United States</u>, 2006 U.S. LEXIS 4513 (U.S. June 12, 2006); <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Eusebio-Giron properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.