United States Court of Appeals

Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40631
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIANO ORNELAS-ARAIZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-852-ALL
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Mariano Ornelas-Araiza (Ornelas) appeals his guilty-plea
conviction and sentence for being an alien found unlawfully in
the United States after deportation and after having been
convicted of an aggravated felony.  He was sentenced to 77 months
of imprisonment and three years of supervised release.

    Ornelas argues that the "felony" and "aggravated felony"
provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional.
Ornelas's constitutional challenge is foreclosed by
<u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Ornelas contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Ornelas properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Ornelas also argues that the district court erred in ordering him to cooperate in the collection of a DNA sample as a condition of supervised release and, therefore, that this condition should be vacated. As Ornelas concedes, this claim is not ripe for review. <u>See</u> <u>United States v. Carmichael</u>, 343 F.3d 756, 761-62 (5th Cir. 2003). Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.