United States Court of Appeals
Fifth Circuit

**F I L E D**

June 4, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 05-40893
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-

Appellee,

versus

JUAN CARLOS GARCIA-RAMIREZ,

Defendant-

Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2330-ALL
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Carlos Garcia-Ramirez appeals his sentence following his guilty-plea conviction for

illegal reentry into the United States following deportation, in violation of 8 U.S.C. § 1326. He

argues that his sentence is unreasonable because the district court failed to properly weigh the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to meet § 3553(a)'s objectives.

We review the sentence imposed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-62 (2005). As Garcia-Ramirez was sentenced at the low end of the applicable guidelines range, and he identifies no error in the guidelines calculations, we give great deference to the sentence imposed. *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Contrary to Garcia-Ramirez's arguments, we find that the district court did not improperly balance the sentencing factors and the sentence imposed was not greater than necessary to satisfy the purposes of § 3553(a)(2). Therefore, we conclude that the 46-month sentence imposed was reasonable.

Garcia-Ramirez's challenge to the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Garcia-Ramirez contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Garcia-Ramirez properly concedes that his argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.