# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-51125
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO JAVIAR RIVERA-SUAREZ,

Defendant-Appellant

Cons. w/No. 19-51132

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO RIVERA-SUAREZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-504-1
USDC No. 4:19-CR-135-1

No. 19-51125
c/w No. 19-51132

Before HAYNES, WILLETT, and HO, Circuit Judges.

PER CURIAM:[*]

Francisco Javiar Rivera-Suarez appeals his conviction for illegal reentry into the United States and the revocation of his supervised release. He argues that the sentence enhancement provision of 8 U.S.C. § 1326(b) is unconstitutional because *Apprendi v. New Jersey*, 530 U.S. 466 (2000), held that facts that increase a maximum sentence must be proved to a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Almendarez-Torres*. Alternately, the Government requests an extension of time to file its brief.

In *Almendarez-Torres*, 523 U.S. at 226-27, the Supreme Court held that convictions used to enhance a sentence under § 1326(b) need not be recited in the indictment. Following *Almendarez-Torres*, the *Apprendi* Court held that facts used to increase a sentence beyond the statutory maximum must be proved to a jury, except for the fact of a prior conviction. *See* 530 U.S. at 490. *Apprendi* and subsequent Supreme Court cases did not overrule *Almendarez-Torres*, which remains binding precedent. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Accordingly, Rivera-Suarez's sole appellate argument is foreclosed by *Almendarez-Torres*. Rivera-Suarez has abandoned any challenge to the revocation of his supervised release by failing to brief it. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-51125
c/w No. 19-51132

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED as moot, and the judgment of the district court is AFFIRMED.