United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-41245
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAN VALDIVIA-DE ARCOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(1:05-CR-34-1)
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Adan Valdivia-De Arcos (Valdivia) challenges his conviction and sentence under 8 U.S.C. § 1326 for being present in the United States illegally after having been deported following conviction for an aggravated felony. He first asserts that the district court erred by finding that his prior Texas conviction for assault of a family member was a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Section 22.01(a)(1) of the Texas Penal code criminalizes "intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

person's spouse." As the statute provides several disjunctive elements, we look to the indictment to determine which of them Valdivia was convicted of having committed. United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir.)(en banc). The indictment charged him with knowingly and intentionally causing bodily injury to the victim, so his Texas assault offense was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii). See § 2L1.2, comment. (n.1(B)(iii)); United States v. Vargas-Duran, 356 F.3d 598, 600-02, 605-06 (5th Cir. 2004)(en banc); Calderon-Pena, 383 F.3d 254 at 258.

Valdivia next contends that Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). We have repeatedly rejected such arguments because Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Valdivia properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is
AFFIRMED.