United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40062
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL SANCHEZ-AGUILERA, also known as Jimmy Robles,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-611-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Miguel Sanchez-Aguilera (Sanchez) appeals his conviction and
33-month sentence for illegal reentry following deportation.  He
argues that the "felony" and "aggravated felony" provisions of
8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of
Apprendi v. New Jersey, 530 U.S. 466 (2000).  Sanchez contends
that his plea agreement, which contained a waiver-of-appeal
provision, does not bar this appeal because he is challenging the
constitutionality of the statute of conviction and his sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is in excess of the statutory maximum.  The Government seeks to enforce the appeal waiver.  We assume, _arguendo_ only, that the waiver does not bar the instant appeal.

Sanchez's constitutional challenge is foreclosed by _Almendarez-Torres v. United States_, 523 U.S. 224, 235 (1998).  Although Sanchez contends that _Almendarez-Torres_ was incorrectly decided and that a majority of the Supreme Court would overrule _Almendarez-Torres_ in light of _Apprendi_, we have repeatedly rejected such arguments on the basis that _Almendarez-Torres_ remains binding.  See _United States v. Garza-Lopez_, 410 F.3d 268, 276 (5th Cir.), _cert. denied_, 126 S. Ct. 298 (2005).  Sanchez properly concedes that his argument is foreclosed in light of _Almendarez-Torres_ and circuit precedent, but he raises it here to preserve it for further review.  Because Sanchez has shown no error in the judgment of the district court, that judgment is AFFIRMED.