United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41380
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVADOR PEREZ-CUEVAS, also known as Jose Gonzalez-Hernandez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-423-ALL
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Salvador Perez-Cuevas (Perez) appeals from his guilty-plea conviction and sentence for being found in the United States after previous deportation. See 8 U.S.C. § 1326. Perez argues that the district court erred by imposing a 16-level adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based upon his Texas conviction for burglary of a habitation. As Perez concedes, his argument is foreclosed. See United States v. Valdez-Maltos, 443 F.3d 910, 911 (5th Cir. 2006), cert. denied, 2006 WL 2094539 (U.S. Oct. 2, 2006) (No. 06-5473); United States v. Garcia-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendez, 420 F.3d 454, 455-57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Perez also challenges, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury. This issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Perez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Perez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.