United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51144
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN NUNEZ-GONZALEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-2306-ALL
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Martin Nunez-Gonzalez appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. Nunez-Gonzalez's motion for appointment of substitute counsel is denied because Nunez-Gonzalez has not shown "a conflict of interest or other most pressing circumstances or that the interests of justice otherwise require relief of counsel." Fifth Circuit Plan under the Criminal Justice Act § 5(B).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nunez-Gonzalez argues, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), that the 37-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Nunez-Gonzalez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although he contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Nunez-Gonzalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review. Accordingly, the Government's motion for summary affirmance is granted.

MOTION FOR APPOINTMENT OF SUBSTITUTE COUNSEL DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED; AFFIRMED.