United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40029
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS OLVERA-PALACIOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 1:05-CR-746
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Louis Olvera-Palacios appeals the sentence imposed following his guilty-plea conviction of being an alien unlawfully found in the United States after deportation after a conviction of an aggravated felony. He argues that the district court erroneously calculated his criminal history points for purposes of applying the sentencing guidelines by considering three prior, uncounseled, misdemeanor convictions of burglary of a vehicle, theft, and posses-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sion of marihuana when assessing his criminal history points.  He contends that his waiver of his right to counsel in those cases was invalid because the district court failed to inform him that he was entitled to court-appointed counsel if he could not afford to retain counsel and failed to inform him of the punishment range for each charge.

The records pertaining to Olvera-Palacios's misdemeanor convictions, however, show that he knowingly and voluntarily waived his right to be represented by counsel when he entered his guilty pleas.  See Iowa v. Tovar, 541 U.S. 77, 81 (2004).  Accordingly, the district court did not misapply the sentencing guidelines by using the prior convictions for purposes of determining a criminal history score.

Olvera-Palacios claims that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), his sentence exceeds the statutory maximum two-year term of imprisonment under 42 U.S.C. § 1326(b) because he was sentenced under § 1326(b) on the basis of facts that were not alleged in the indictment, admitted by him, or proved beyond a reasonable doubt.  This constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  Although Olvera-Palacios contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi, this court has repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert.

denied, 126 S. Ct. 298 (2005).  See also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006).  Olvera-Palacios properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

        AFFIRMED.