United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-21009
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODOLFO AMADOR-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-300-ALL
--------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:*

Rodolfo Amador-Flores (Amador) appeals his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. He argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 57-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors rather than elements of the offense that must be found by a jury.

Amador's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Amador properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Amador also argues that the district court erred by ordering him to cooperate in the collection of a DNA sample as a condition of supervised release. This claim is not ripe for review on direct appeal. See United States v. Carmichael, 343 F.3d 756, 761-62 (5th Cir. 2003). Accordingly, this portion of the appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.