United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 5, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-41569
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SOFIA MARISOL LANDIN-MARTINEZ,

Defendant-
Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-884-ALL
-----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Sofia Marisol Landin-Martinez (Landin) appeals her guilty-plea conviction of, and 41-month sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation. Landin argues, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that the 41-month term of imprisonment imposed in her case exceeds the statutory maximum sentence allowed for the § 1326 offense charged in her indictment. She challenges the constitutionality of § 1326(b)'s

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Landin's constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). This court has repeatedly rejected the argument raised by Landin on the basis that *Almendarez-Torres* remains binding despite *Apprendi. See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Landin acknowledges that her argument is unavailing in light of *Almendarez-Torres*, but she raises it here to preserve it for further review.

AFFIRMED.