United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-41660
Summary Calendar

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

VICTOR MANUEL GOMEZ-YANEZ

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:06-CR-571-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

    Victor Manuel Gomez-Yanez appeals from his guilty plea conviction and 37-month sentence for being an alien found unlawfully in the United States after deportation and following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326. Gomez-Yanez argues that his sentence is contrary to United States v. Booker, 543 U.S. 220 (2005) and unreasonable as a matter of law. He contends that this court's post-Booker decisions have effectively reinstated the mandatory guideline scheme condemned by Booker.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gomez-Yanez concedes that his argument that his sentence is contrary to <u>Booker</u> is foreclosed by <u>United States v. Mares</u>, 402 F.3d 511 (5th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 43 (2005), and its progeny, which have outlined this court's methodology for reviewing sentences for reasonableness. Gomez-Yanez raises this specifically to preserve it for further review.

Gomez-Yanez also raises constitutional challenges to § 1326(b), which are foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Gomez-Yanez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Gomez-Yanez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.